Johmson, C. J. The only point presented for our adjudication, is as to the propriety of the judgment of the Circuit Court in sustaining the demurrer to the third plea of Stone, one of the defendants in that court. The substance of the plea is that he was the mere security of Alvin McDonald, who was the principal in the note; that the note was discoimted to the Bank for the sole use and benefit of the said Alvin, and that the Bank had notice of the fact, at the time of the discount of the note; that after the note fell due, McDonald paid to the Bank the sum of two hundred dollars, and that, in consideration of such payment, the Bank contracted and agreed not to sue him for the space of three months, and that she did so give him day of payment for the said space of three months. He insists that, upon this state of facts, he is entirely exonerated, and that he can no longer be held liable for the debt. It is now well settled by a series of modem adjudications in England and in this country, that where there is no legal novation or actual fraud or injurious surrender of lien., the true principle of equity as to a surety’s exoneration in consequence of indulgence given by the creditor to the principal debt- or, without the surety’s consent, express or implied, is that the credit- or had by a valid contract changed the original attitude of the parties by tying his own hands, or otherwise obstructing the legal or equitable rights of die surety. According to the common law the obligation of a surety is not, as under the Civil Code, merely accessorial and consequential, to be enforced or fulfilled only after a fruitless discussion of the principal obligor, but so far as the obligee is concerned, the principal and surety, bound by the same argreement and at the same time, are equally liable, and it is the duty of each of them to discharge the obligation punctually. Hence, there is, in such a case, no implied agreement that the obligee will coerce the principal promptly, or look to him alone in the first instance, of that he will not indulge him ex gratio. It is the surety’s duty to the ob-ligee to discharge the obligation, when it becomes due, and, for his own security, it is his privilege to do so, then or at any time after-wards, so as to be either subrogated to the rights of the creditor, or enabled otherwise to proceed forthwith against the principal obligors, and he has an equitable right also to require the creditor to sue. If by any new contract made without his consent he is denied any of his rights, or obstructed in any of his remedies, legal, or equitable, his attitude having been thus essentially changed in invitvm, he is no longer bound by his contract. But as simple forbearance by the creditor, whether resulting from his mere supineness or from a gratuitous or void promise to indulge, cannot have any such disabling effect on the surety, that alone will not entitle him to exoneration from his obligation. In such a case he can have no just ground for complaint, unless he had been fraudulently deluded by the creditor into false security; for he might have discharged the obligation and proceeded at once against his principal, or resorted to any other of his various remedies without any obstruction or delay, interposed either by the creditor’s supineness, or by an agreement binding on none of the parties. See 1 Ben Monroe’s Rep. p. 323—Tudor v. Goodloe, and the cases there cited. In Orme v. Yancey, Chief Justice Gibbs, speaking of a new contract which would discharge a surety, said “It is the act of the creditor depriving himself of the power of suing, by something obligatory, which prevents the surety from coming into a court of equity for relief — because the principal having tied his own hands, the surety cannot release them.” In Philpot v. Bryant, the court of common pleas of England decided that indulgence in consequence of an agreement between the holder and the executor of the acceptor of a bill, in consideration of his assumpsit to pay the debt out of his own pocket, did not release the drawer, because the new agreement was not enforcible, and in that case Chief Justice Best said, “The time of payment must be given by a contract that is binding on the holder of the bill; a contract without consideration is not binding on him, the delay of suing is under such a contract gratuitous; notwithstanding such a contract he may proceed against the acceptor when he pleases, or receive the amount of the bill from the drawer or endorsers, as the drawer or endorsers are not prevented from taking up-the bill by such delay, their liability is not discharged by it; to hold them discharged under such circumstances would be to absolve them from their engagements without any reason for so doing.” And in McLemore v. Powell et al., the Supreme Court of the United States said, “In order to produce such a result (a surety’s release) the agreement must be one binding in law upon the parties, and have a sufficient consideration to support it. An agreement without consideration is utterly void, and does not suspend for a moment the rights of any of the parties.” If the two hundred dollars which the defendant alleged were paid by McDonald, his principal in the note to the Bank, were designed as a part payment of the note, it is clear that the consideration would not be such as to support the contract, and that, therefore, the plea would not present a legal bar to the action as against the surety. In that case the contract would not be binding in law as he would have done no more than he was legally bound to do. But there is nothing in the plea that would warrant such a construction of the contract. The defence set up is, that McDonald, after the note became due, paid the Bank two hundred dollars, and that in consideration thereof, the said Bank then and there contracted and agreed not to sue him on the note, for the space of three months. There can be no doubt, but that the matter set up ill the plea, if it contained all the other requisites, would be a sufficient consideration to support the new contract, and, if established by competent evidence, to exonerate the defendant, Stone, from his liability upon the note. But the plea is defective in an essential particular. It does not appear but that the new contract for forbearance, was made with the consent of Stone, and such is the presumption of law, unless the contrary is alleged in the plea. The law is that if by any new contract, made without his consent, he is denied any of his rights or obstructed in any of his remedies, legal or equitable, his attitude having been thus essentially changed, in invitwn, he is no longer bound by his contract. That the new contract was made without his consent is an essential averment in the plea, and as he has wholly failed to make such averment, the plea is clearly and fatally defective. The Circuit Court, therefore, decidedly correctly in sustaining the demurrer. Judgment affirmed.